**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **ADRIAN PERKINS,** § | |
| *Plaintiff*, § | |
| § | |
| **v.** § | |
| § | **C.A. NO. 4:23-cv-2399** |
| **UNITED STATES POSTAL SERVICE** § | |
| *Defendant.* § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Adrian Perkins, Plaintiff in the above-numbered and entitled cause of action (hereinafter referred to as "Plaintiff Perkins"), and file this Original Complaint complaining of Defendant United States Postal Service (hereinafter referred to as "Defendant"), and in support thereof, Plaintiff respectfully shows the following:

**I. PARTIES**

1. Plaintiff, Adrian Perkins, is a Texas resident.

2. Defendant, United States Postal Service, is a federal governmental entity and may be served with process by delivering a copy of the summons and of the complaint to Mr. Alamdar Hamdani, United States Attorney for the Southern District of Texas, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

**II. JURISDICTION**

3. This Court has jurisdiction over the subject matter of this case because an agency of the United States is a Defendant to this suit pursuant to 28 U.S.C. §1346(b)(1) et seq. Therefore, the Court has jurisdiction under 28 U.S.C. § 1331.

1

### III. VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(e), and §1402(b) as the United States is a Defendant and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### IV. COMPLIANCE WITH ADMINISTRATIVE PROCEDURES

5. Plaintiff has complied with applicable administrative procedures and regulation governing claims asserted under the *Federal Tort Claims Act*, including but not limited to 28 U.S.C. §2401; 28 U.S.C. §2671; 28 U.S.C. §2675; and 39 CFR 912.3 et seq. Plaintiff provided written notice of his claim and an executed Standard Form 95 (along with supportive documents), to the United States Postal Service, National Torts Center, 1720 Market Street, Room 2400, St. Louis, Missouri 63155 on or about November 15, 2022 by regular and certified mail. Plaintiff demanded $200,000 in satisfaction of his claim. The adjudication period of six (6) months has expired since the submission of the Plaintiff's claim. Defendant responded that due to administrative backlog, it had not had sufficient time to make a settlement offer within six months. This suit follows.

### V. FACTUAL BACKGROUND

6. Plaintiff brings this suit to recover for personal injuries sustained by him on or about February 24, 2022, in Harris County, Texas. Plaintiff was working as an independent contractor for ADP Logistics, LLC and was delivering packages to the United States Postal Service office located at 9450 Pinecroft Drive, Spring, Texas 77380. A heavy, metal loading ramp was negligently placed upwards and leaning against the wall by USPS employees, and was left unattended by those employees. The metal ramp in question is depicted here:



7.     As Plaintiff Perkins walked past the metal loading ramp, the metal ramp violently fell over and directly onto the top of his head, causing him injury. Immediately after being struck by the metal ramp, Plaintiff Perkins began experiencing pain.

## VI. CAUSE OF ACTION AGAINST DEFENDANT

8.     Defendant, the United States Postal Service, was negligent in one or more of the following respects:

A. Specifically, the heavy, loading ramp was placed in an unreasonable location, in an unsafe position to where it could (and did) fall upon unsuspecting persons like Plaintiff

Case 4:23-cv-02399   Document 1   Filed 06/29/23 in TXSD   Page 4 of 6

who was foreseeably working in and around the loading ramp as part of his job duties on the day he was injured. The ramp should have been and could have been positioned much more safely (e.g. on the ground), such that it did not present a danger of falling on people and causing them injuries like those Plaintiff sustained in the incident made the basis of this lawsuit; and

B. Failing to warn the Plaintiff that the metal ramp was susceptible to falling over and causing physical injury to others such as the Plaintiff who would be working near the ramp if it fell.

9. Each of these acts and omissions by Defendant singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's damages.

## VII. DAMAGES

9. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries and to incur the following damages:

A. Reasonable medical care and expenses in the past (Plaintiff submitted medical bills as follows in his presuit demand):

| | |
|---|---:|
| 1. Memorial Hermann Hospital | $ 8,660.00 |
| 2. Core Health | $ 525.00 |
| 3. Apothecary 360 | $ 899.95 |
| 4. Champions Choice & Injury Clinics | $ 5,162.00 |
| 5. Elite Health Services | $16,000.00 |
| 6. Olympic Spine & Joint | $ 675.00 |
| **Total:** | **$31,921.95** |

B. Reasonable and necessary medical care and expenses which, in all reasonable probability, be incurred in the future;

C. Physical pain and suffering in the past;

4

D. Physical pain and suffering which, in all reasonable probability, will continue in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Mental anguish in the past;

H. Mental anguish which, in all reasonable probability, will occur or continue in the future;

I. Disfigurement in the past;

J. Disfigurement which, in all reasonable probability, will continue in the future;

K. Loss of earning capacity in the past; and

L. Loss of earning capacity which, in all reasonable probability, will continue in the future.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Adrian Perkins, respectfully prays that Defendant be cited in terms of law to appear and answer herein; that Plaintiff have judgment against Defendant, for the amount of actual damages, and all other damages under applicable federal and state law to which he is entitled; for post judgment interest at the applicable legal rate; for all recoverable Court costs incurred in this litigation; and for such other and further relief, to which Plaintiff may show himself entitled.

Respectfully submitted,

**TERRY & THWEATT, P.C.**

By: /s/ *L. Lee Thweatt*
      L. Lee Thweatt
      State Bar No. 24008160
      Joseph D. Terry
      State Bar No. 24013618
      114 Byrne Street
      Houston, Texas 77009
      Telephone:  (713) 600-4710
      Facsimile:  (713) 600-4706
      lthweatt@terrythweatt.com
      jterry@terrythweatt.com

**ATTORNEYS FOR PLAINTIFF**