Case 4:23-cv-02399   Document 26   Filed on 01/03/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADRIAN PERKINS,<br><br>    *Plaintiff*,<br>VS.<br><br>UNITED STATES OF AMERICA,<br><br>    *Defendant*. | §<br>§<br>§<br>§   CIVIL ACTION NO. 4:23-cv-2399<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Pending before the Court is Defendant United States Postal Service's ("USPS" or "Defendant") Motion for Summary Judgment. (Doc. No. 19). Plaintiff Adrian Perkins ("Plaintiff") filed a Response Opposing Summary Judgment, (Doc. No. 20), and USPS replied. (Doc. No. 21). In USPS's Motion for Summary Judgment, it also moved to substitute the United States as the proper defendant under 28 U.S.C. § 1346(b) of the Federal Tort Claims Act. Considering the motions and applicable law, the Court hereby **DENIES** USPS's Motion to Substitute as moot, and **GRANTS in part** and **DENIES in part** USPS's Motion for Summary Judgment. (Doc. No. 19).

**I.     Background**

Plaintiff Adrian Perkins was a driver hired by ADP Logistics to deliver packages to the U.S. Post Office in Spring, Texas. (Doc. No 19 at 1). Plaintiff alleges that while he was on the loading dock, he moved a large box on a pallet which exposed a large metal ramp leaning against the wall. (Doc. No. 14 at 3). Plaintiff does not explain why he moved this large box, and Defendant argues that he had no reason to do so as it was outside of his role at the dock. (Doc. No. 21 at 2). Nevertheless, Plaintiff alleges that when he moved the box, the previously concealed metal ramp

fell and hit him on the head. (Doc. No. 14 at 3–4).[1] As a result of the ramp falling on his head, Plaintiff alleges that he suffered a concussion, a neck strain, and long-term discomfort. (Doc. No. 20 at 7). Plaintiff sued USPS for negligence under the Federal Tort Claims Act, requesting all reasonable and necessary damages for medical care, pain and suffering (both past and future), mental anguish (both past and future), disfigurement, and loss of earnings/earning capacity. (Doc. No. 14 at 6). In response, Defendant asserts that, under the Federal Tort Claims Act, USPS is an improper defendant, and that immunity is only waived when the United States is the defendant.

Further, Defendant moves for summary judgment on Plaintiff's negligence claim. First, Defendant asserts that Plaintiff has no evidence of any act by any USPS employee that created the danger of the ramp falling. (Doc. No. 19 at 9). Since the dock was open to the public for non-USPS drivers to make deliveries, Plaintiff had no evidence that it was USPS that put the ramp against the wall. (*Id.*). Further, USPS contends that Plaintiff's own pleadings establish that the ramp was open and obvious, not unreasonably dangerous, and any danger arose as a direct result of Plaintiff's own actions. (*Id.*). In response, Plaintiff argues that, because the ramp was hidden behind a large box, any danger that it may have presented was not open or obvious. (Doc. No. 20 at 8). Further, Plaintiff contends that USPS was responsible for maintaining the dock and ensuring it was free of hidden dangers. (Doc. No. 20 at 9).

## II.     Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] Notably, Plaintiff's Original Complaint alleged that the ramp was not concealed and fell on him as he walked by it. Eight months later, Plaintiff filed his First Amended Complaint alleging for the first time that the ramp was concealed behind a large box and that it fell on him after he moved the box—though he never provides a reason as to why he pleaded something different in his Original Complaint or why he moved the box.

2

56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

#### a. The Motion to Substitute

Included in Defendant's Motion for Summary Judgment was a request that the Court substitute the United States as defendant and dismiss the USPS. (Doc. 19 at 3–4). Defendant is correct that under 28 U.S.C. § 1346(b) only the United States may be properly sued for an injury caused by a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . .." *See also Ali v. Bureau of Prisons*, 552

U.S. 214, 217–18 (2008). Plaintiff did not object to this in his responsive briefing, but instead pointed out that when he filed his First Amended Complaint, (Doc. No. 14), he named the United States as the defendant rather than the USPS. As such, the United States is now the named defendant and the Motion to Substitute is **DENIED** as moot.

### b. The Motion for Summary Judgment

Under Texas law, "[d]epending on the circumstances, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply." *Id.* "When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.* Plaintiff makes both negligent activity and premises-liability claims against the United States for his injury resulting from the ramp falling on him.

#### a. Plaintiff's Negligent Activity Claim

Negligent activity claims involve "affirmative, contemporaneous conduct by the owner that caused the injury," while premises liability claims encompass "a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). Recovery on a negligent activity claim requires that the plaintiff have been injured by or as a contemporaneous result of the "activity itself" rather than by a "condition" created by the activity. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). If the injury was caused by a condition created by the activity rather than the activity itself, a plaintiff is limited to a premises defect theory of liability. *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 579 (S.D. Tex. 2012).

Plaintiff fails to provide any evidence supporting his negligent activity claim. Specifically, Plaintiff entirely fails to provide evidence that suggests a USPS worker committed an act that led to his injury. In fact, Plaintiff's own allegations state that there were no USPS employees on the dock at the time of his injury. (Doc. No. 14 at 2–4). Defendant contends that the ramp, which is specifically for non-USPS workers to use, was improperly stored on a loading dock that is open to the public. Plaintiff points to no evidence that demonstrates that a USPS employee placed the ramp behind the box as Plaintiff alleges. Plaintiff all but concedes this fact in his Response to Defendant's Motion for Summary Judgment. Plaintiff's declaration does not raise any issue of material fact as to any contemporaneous action taken by a USPS employee at all, much less an action that constituted a breach of USPS's duty to Plaintiff. (Doc. No. 20-1). Since Plaintiff has failed to raise a fact issue relating to an essential element of his negligence claim, the Court **GRANTS** Defendant's Motion for Summary Judgment on that claim.

### b. *Plaintiff's Premises Liability Claim*

"Although premises liability is itself a branch of negligence law, it is a special form with different elements that define a property owner or occupant's duty with respect to those who enter the property." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citing *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). A plaintiff will generally fall into one of three categories: trespasser, licensee, or invitee. *Lechuga v. S. Pac. Transp. Co.*, 949 F.2d 790, 794 (5th Cir. 1992). Relevant here, premises owners "owe a duty to keep their premises safe for invitees against known conditions that pose unreasonable risks of harm." *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764 (Tex. 2009). Under this theory of recovery, Plaintiff must prove that Defendant failed in its "duty to inspect the premises and warn [the invitee] of dangerous conditions

that are not open and obvious, and that the owner knows or should have known exists." *Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 225 (Tex. 1999).

Defendant does not dispute constructive knowledge of the ramp, and it acknowledges that USPS owed a duty to Plaintiff as an invitee to the dock. Nevertheless, Defendant contends that Plaintiff cannot prevail on the premises-liability claim because the ramp was open and obvious and did not pose an unreasonable risk to those using the dock. (Doc. No. 19 at 9). Also, Defendant argues that Plaintiff's own unjustified act of moving the box was the cause of his injury.

Plaintiff responds to Defendant's motion with several pieces of evidence including discovery requests, medical records, and an affidavit. Most relevant for this issue, is Plaintiff's affidavit, in which he states that the ramp was concealed behind a large box. (Doc. No. 20-1 at 3). According to Plaintiff, it was only after moving this box that the ramp was visible, and Plaintiff states that he did not notice it until after it fell and struck him on the head. (*Id.*). Defendant argues that Plaintiff had no need to move the box concealing the ramp (and, notably, Plaintiff has ever articulated a valid reason for doing so), but Defendant does not rebut Plaintiff's statements that the ramp was concealed by the large box. As such, the Court finds that Plaintiff has raised a material issue of fact regarding whether the ramp was truly open and obvious to invitees. Thus, the Court **DENIES** Defendant's motion for summary judgment on the premises-liability claim.

### IV.   Conclusion

For the foregoing reasons, the Defendant's Motion for Summary Judgment is **GRANTED** on Plaintiff's negligent activity claim and **DENIED** on his premises-liability claim. (Doc. No. 19).

Signed this 3rd day of January, 2025.

Andrew S. Hanen
United States District Judge